RONALD LEE GILMAN, Circuit Judge,
concurring.
I fully concur in the analysis set forth in the lead opinion, but also recognize that *370 reasonable jurists could disagree as to the proper interpretation of the contract language at issue in this case. This is well exemplified by the two opposing views expressed in the lead and dissenting opinions. On balance, however, I concur with the result reached in the lead opinion because of parties’ course of performance.
The fact that Regal calculated and paid rent to Interstate without reference to the adjustment formula for the first two years following the Amendment lends credence to the conclusion that the parties did not intend for the adjustment formula to apply to their revised calculation of the rent. See Doyle v. Allen Water District, No. CA 96 04 0020-22, 1997 WL 205357, at *5 (Ohio Ct.App. March 25, 1997) (unpublished) (asserting, in a non-UCC contract case, that “evidence of a prior course of performance may be relevant to the construction of the contract at issue”); Restatement (Second) of Contracts § 202(4) (1979) (“Where an agreement involves repeated occasions for performance by either party with knowledge of the nature of the performance and opportunity for objection to it by the other, any course of performance accepted or acquiesced in without objection is given great weight in the interpretation of the agreement.”)
Furthermore, Regal’s performance under the amended lease cannot be characterized as an inadvertent continuation of its prior performance because, prior to the Amendment, Regal had applied the adjustment formula to reduce its rental obligation. Regal’s omission of the adjustment formula from its rent calculation for the two-year period following the Amendment thus represents an affirmative departure from its past performance under the original lease. This bolsters the conclusion that Interstate’s interpretation of the Amendment more closely represents what the parties bargained for in amending the lease. Regal provides no explanation for why its newfound interpretation — even if textually plausible — should supercede the reasonable interpretation under which both parties performed for the two years immediately following the bargain they struck.